IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GREG FANIN, JIM HENRY
PERKINS, JESSE FRANK QUALLS,
on their behalf and on behalf of all
others similarly situated,

        Plaintiffs,                07-CV-310-IPJ

v.

UNITED STATES DEPARTMENT
OF VETERANS AFFAIRS; R. JAMES
NICHOLSON, in his Official Capacity
as Secretary of Veterans Affairs; and
ROBERT T. HOWARD, in his Official
Capacities as Assistant Secretary for
Information and Technology and Chief
Information Officer for Veterans Affairs,

        Defendants.

## MEMORANDUM OPINION

Pending before the court is the defendants' Motion to Dismiss or in the alternative for Summary Judgment (doc. 32). The defendants' motion is supported by a brief and evidentiary materials (doc. 33). The plaintiffs filed a brief in opposition to the defendants' motion which was also supported by evidentiary

1

materials (docs. 40 & 41).[1]  Finally, the defendants filed a reply to the plaintiffs' brief (doc. 45).

Also before the court is the plaintiffs' Motion for a Preliminary Injunction (doc. 14).  The plaintiffs' motion was supported by a brief and evidentiary materials (docs. 15 & 16).  The defendants filed a response to the plaintiffs' motion to which the plaintiffs filed a reply (docs. 30 & 42).

Upon consideration of the parties' motions, evidentiary submissions, and written arguments, the court concludes that the defendants' Motion to Dismiss or in the alternative for Summary Judgment is due to be **GRANTED** as set out below.  As a result of this decision, the plaintiffs' Motion for a Preliminary Injunction is **MOOT**.

## Factual Background

On January 22, 2007, a Department of Veterans Affairs ("VA") employee, who is referred to in the parties' filings as John Doe, reported to VA officials that an external computer hard drive that he was using was missing from the VA's office at the Pickwick Conference Center in Birmingham.  VA Office of Inspector General's ("VA OIG") Report at p. 7.  The external hard drive contained personal identifying information and individually identifiable health information pertaining

---

[1] These documents were sealed pursuant to court order on November 27, 2007 (doc. 39).

to over 250,000 veterans. *Id*. The information on the hard drive included names, addresses, phone numbers, dates of birth, social security numbers, and health information such as medical diagnoses and drug prescriptions. *Id*. at 9.

A criminal investigation into the disappearance was subsequently launched by the VA OIG and the Federal Bureau of Investigation. *Id*. at 8-9. To date, the missing hard drive has not been recovered. *Id*. at 7.

On February 12, 2007, the VA began sending notification letters to veterans or their survivors "informing each recipient that one of the files on the external hard drive may have contained [his or her name], social security number, date of birth, and health information." *Id*. at 12. The last of these notification letters was sent on March 12, 2007. *Id*. On April 30, 2007, the VA sent additional letters to 198,760 living individuals in this group offering them the option of one year of free credit monitoring services. *Id*.

The plaintiffs, Jim Henry Perkins and Jesse Frank Qualls,[2] are veterans of the Vietnam war who received medical services for post traumatic stress syndrome ("PTSD") at VA hospitals in Alabama. Dec. of Jim Henry Perkins, ¶¶ 1, 2, 4; Dec. of Jesse Frank Qualls, ¶¶ 1, 2, 4. They were informed by the VA that their

---

[2]Greg Fanin is no longer a plaintiff in this case. Mr. Fanin's Notice of Voluntary Dismissal was granted by this court on April 25, 2007 (doc. 20).

personal and health information may have been contained on one of the files on the portable hard drive. Dec. of Perkins, ¶ 9; Dec. of Qualls, ¶ 8. Both plaintiffs received the initial letter notifying them of the disappearance of the external hard drive and the subsequent letter informing them that they were entitled to a year of free credit services. Dec. of Perkins ¶¶ 9, 13; Dec. of Qualls ¶¶ 8, 10.

Perkins and Qualls state that the loss of the external hard drive has aggravated their PTSD symptoms and caused them to be anxious and stressed about their financial security. Dec. of Perkins, ¶ 13; Dec. of Qualls, ¶ 11. The plaintiffs have not alleged that the loss of the external hard drive has caused them any financial harm.

## Standard of Review

Before the court is the defendants' Motion to Dismiss or in the alternative Motion for Summary Judgment. Because matters outside the pleadings have been presented to and considered by the court, the motion will be treated as one for summary judgment and disposed of as provided in Federal Rule of Civil Procedure 56. *See* FRCP 12(b).

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Supreme Court has explained the summary judgment standard as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Id.* at 322-23.  The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact.  *Id.* at 323.  The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 324; Fed. R. Civ. P. 56(e).  In meeting this burden the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  That party must demonstrate that there is a "genuine issue for trial."  Fed. R. Civ.

P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

On motions for summary judgment, the court shall construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson,* 477 U.S. at 248. All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id*. at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-252.

## Discussion

The plaintiffs' second amended complaint contains nine causes of action for the defendants' alleged violations of the Privacy Act, 5 U.S.C. 552a; the E-Government Act of 2002, Pub. L. No. 107-347, 2002 H.R. 2458 (2002); the

Federal Information Security Management Act ("FISMA"), 44 U.S.C. §§ 3541-48; the Trade Secrets Act, 18 U.S.C. § 1905; and the Veterans Benefits, Health Care, and Information Technology Act of 2006 ("VBHITA"), 38 U.S.C. §§ 5701 *et seq*. The first five causes of action seek monetary damages and injunctive relief for the defendants' alleged violations of the Privacy Act.  The plaintiffs' claims for monetary damages are brought under the private right of action created in the Privacy Act.  *See* 5 U.S.C. §552a(g).  The plaintiffs also seek injunctive relief for the defendants' alleged violations of the Privacy Act under the Administrative Procedure Act ("APA").  *See* 5 U.S.C. § 702.  The remaining four causes of action seek injunctive and declaratory relief under the APA for the defendants' alleged violations of the E-Government Act, the FISMA, the Trade Secrets Act, and the VBHITA.  The plaintiffs' five claims for monetary damages will be discussed first, and then all nine claims for injunctive relief will be discussed together.

*I. The Plaintiffs' Claims for Monetary Damages Under the Privacy Act.*

The plaintiffs seek monetary damages for five alleged violations of the Privacy Act by the defendants: (1) the disclosure of the plaintiffs' information without their consent in violation of 5 U.S.C. § 552a(b); (2) the failure to properly account for the disclosures of the plaintiffs' information in violation of 5 U.S.C. § 552a(c)(1); (3) the failure to maintain only relevant and necessary information

about the plaintiffs in violation of 5 U.S.C. § 552a(e)(1); (4) the failure to train and supervise in violation of 5 U.S.C. § 552a(e)(9); and (5) the failure to establish appropriate safeguards in violation of 5 U.S.C. § 552a(e)(10).

To state a claim for damages under the Privacy Act, a plaintiff must allege (1) that the government failed to fulfill its record keeping obligation, (2) which failure proximately caused the adverse determination, (3) that the agency failed intentionally or willfully to maintain the records, and (4) that the plaintiff suffered actual damages. *Perry v. Bureau of Prisons*, 371 F.3d 1304, 1305 (11th Cir. 2004).

The defendants argue that their motion is due to be granted because the plaintiffs have failed to prove that they have suffered "actual damages" as that term is defined by the Eleventh Circuit Court of Appeals. The Eleventh Circuit has held that the term "'actual damages' as used in the Privacy Act permits recovery only for proven pecuniary losses and not for generalized mental injuries, loss of reputation, embarrassment or other non-quantifiable injuries." *Fitzpatrick v. Internal Revenue Service*, 665 F.2d 327, 331 (11th Cir. 1982).

*Fitzpatrick* involved a plaintiff who brought suit under the Privacy Act for unlawful disclosures concerning his disability discharge from the Internal Revenue Service. *Id*. at 328. To prove damages, the plaintiff introduced the testimony of a

psychiatrist that the disclosures had caused the plaintiff to become paranoid about acquaintances knowing that he retired because of a mental disability. *Id*. The psychiatrist further testified that the disclosures had resulted in the plaintiff becoming deeply depressed and withdrawing from social activities. *Id*. at 328-29. The district court found that the evidence of damages was too speculative to warrant recovery, but awarded the plaintiff the statutory minimum damages and attorneys' fees. *Id*. at 329.

On appeal, the plaintiff argued that his injuries were compensable under the Privacy Act. *Id*. To determine whether the plaintiff was entitled to recover for his generalized mental injuries, the court engaged in a detailed analysis of the statute and its legislative history. *Id*. at 329-31. Based on its analysis, the court concluded that the legislative history supported a narrow reading of "actual damages" and held that the Privacy Act permitted recovery only for proven pecuniary losses. *Id*. at 331. Therefore, the plaintiff was only entitled to recover the statutory minimum because he did not prove that he had suffered actual damages.[3] *Id*.

---

[3] *Fitzpatrick's* holding that statutory damages were recoverable even without "actual damages" was overturned by the Supreme Court in *Doe v. Chao*, 540 U.S. 614, 627 (2004). In *Doe*, the Supreme Court held that the Privacy Act guarantees the $1,000.00 statutory minimum only to plaintiffs who have suffered "actual damages." *Id*. The Supreme Court also recognized the split among the circuits over the definition of "actual damages" but refused to decide the issue because it was not presented to the court. *Id*. at 627 n. 12. Therefore, *Fitzpatrick* is still the

The plaintiffs argue that the definition of actual damages in *Fitzpatrick* is not the law of Eleventh Circuit because it has been overruled by the Eleventh Circuit and because the discussion in *Fitzpatrick* about the definition of actual damages is dicta.  The plaintiffs first argue that *Fitzpatrick* was overruled and the definition of actual damages was expanded to include generalized mental injuries by the Eleventh Circuit in *Perry*.  In *Perry v. Bureau of Prisons*, the *pro se* plaintiff filed a complaint against the Bureau of Prisons ("BOP") for "willfully and intentionally transferring [him] pursuant to inaccurate prison records, [] which, abridged upon [his] Right to Petition protected under the First Amendment of the United States Constitution."  *Perry*, 371 F.3d at 1304.  The district court characterized the complaint as a *Bivens* complaint and dismissed it for failure to state a claim.  *Id*.  On appeal, the plaintiff argued that the district court mischaracterized the complaint as a *Bivens* complaint when he had filed it under the Privacy Act.  *Id*.  The Eleventh Circuit agreed that the complaint should have been characterized as a Privacy Act claim and held that the plaintiff alleged the necessary elements to state a claim for relief under the Privacy Act.  *Id*. at 1305.

The plaintiffs argue that *Perry* overruled *Fitzpatrick* because Perry's claim

---

law of the Eleventh Circuit with respect to the definition of actual damages, thus proven pecuniary losses are required for recovery under the Privacy Act.

survived a motion to dismiss for failure to state a claim even though there was no allegation of pecuniary losses. This argument must fail, however, because neither *Fitzpatrick* nor the issue of actual damages is discussed in the *Perry* opinion. "Under the prior panel rule, [an appellate panel] is bound by the holdings of earlier panels unless and until they are clearly overruled *en banc* or by the Supreme Court." *Swann v. Southern Health Partners, Inc.*, 388 F.3d 834, 837 (11th Cir. 2004). Because *Perry* does not "clearly overrule" *Fitzpatrick, Fitzpatrick*'s definition of "actual damages" is binding on this court.

Both before and after the *Perry* decision, *Fitzpatrick* has been cited by the Supreme Court and multiple district courts for the definition of actual damages in the Eleventh Circuit. In *Doe v. Chao*, the Supreme Court cited *Fitzpatrick* in a footnote for the definition of actual damages in the Eleventh Circuit. *Doe*, 540 U.S. at 627 n. 12. Similarly, other district courts have cited *Fitzpatrick* for the definition of actual damages in the Eleventh Circuit. *See e.g., Schmidt v. U.S. Dep't of Veterans Affairs,* 222 F.R.D. 592, 594 (E.D. Wisc. 2004) (recognizing that in the Eleventh Circuit, "the term actual damages means only a pecuniary loss and does not include emotional distress"); *Rice v. U.S.,* 245 F.R.D. 3, 6 (D.D.C. 2007) (recognizing that in the Eleventh Circuit, "actual damages are restricted to pecuniary loss"); *Stafford v. Soc. Sec. Admin.,* 437 F.Supp.2d 1113, 1124 (N.D.

Cal. 2006); *Foncello v. U.S. Dep't of Army*, 2005 WL 2994011 * 4 (D. Conn. 2005). Moreover, *Perry* is not on point, as the Court does not discuss the issue of damages or the merits of the plaintiff's complaint.

The plaintiffs' second argument must also fail because the language in *Fitzpatrick* limiting actual damages to proven pecuniary losses is not dicta. Prior Eleventh Circuit decisions have defined dicta as discussion in an opinion about an issue that is not presented to the court. *See U.S. v. Lett,* 483 F.3d 782, 790 (11th Cir. 2007). According to the *Fitzpatrick* Court, the "key issue" was "the meaning of actual damages." *Fitzpatrick*, 665 F.2d at 329. Therefore, the Court's determination of the meaning of actual damages is the holding of the opinion and not dicta. This conclusion is supported by the clear language of the opinion. *See id.* at 331 ("we hold that 'actual damages' as used in the Privacy Act permits recovery only for proven pecuniary losses and not for generalized mental injuries, loss of reputation, embarrassment or other non-quantifiable injuries.")

Because the plaintiffs have failed to show that *Fitzpatrick* is not the law of this Circuit, it must be applied to the facts of the present case. Here, the plaintiffs have only alleged and proven that they have suffered mental injuries such as aggravation of their PTSD symptoms and anxiety over their financial security. The plaintiffs have not alleged (or proven) that they have suffered any pecuniary

losses as a result of the missing external hard drive.  Therefore, the plaintiffs cannot establish that they have suffered actual damages and summary judgment is due to be GRANTED on the plaintiffs' five claims for monetary damages under the Privacy Act.

*II. The Plaintiffs' Claims for Injunctive Relief Under the APA.*

The plaintiffs contend that even if they are not entitled to recover monetary damages, they are nevertheless entitled to injunctive and declaratory relief.  The plaintiffs bring nine causes of action for declaratory and injunctive relief.  Five of the claims are for alleged violations of the Privacy Act and four of the claims are for alleged violations of the E-Government Act, the FISMA, the Trade Secrets Act, and the VBHITA.  All nine of the plaintiffs' claims for injunctive relief are brought under the APA, and thus will be discussed together.

As a preliminary matter, the defendants argue that plaintiffs have improperly pleaded their claims for injunctive relief.  However, the plaintiffs' Second Amended Complaint cites the proper APA section and also asks in the prayer for relief for declaratory and injunctive relief.  The court finds that the plaintiffs' Second Amended Complaint was sufficient to put the defendants on notice that the plaintiffs' claims were being brought under the APA.

Even if the plaintiffs' complaint is proper, the defendants argue that the

plaintiffs are not entitled to injunctive or declaratory relief under the APA. The relevant section of the APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Only "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to review." 5 U.S.C. § 704. Agency action is considered "final" when (1) the action marks the consummation of the agency's decisionmaking process and (2) the action is one by which rights or obligations have been determined or from which legal consequences will flow. *Bennett v. Spear,* 520 U.S. 154, 177-78 (1997).

The plaintiffs argue that the following alleged actions constitute "final agency action:" (1) the defendants' disclosure of the plaintiffs' information without the plaintiffs' consent; (2) the defendants' failure to record the transfer of the plaintiffs' information from the VA computers to the external hard drive; (3) the defendants's failure to record the relinquishment of the plaintiffs' information to an unidentified third party; (4) John Doe's[4] downloading of the plaintiffs' information to the external hard drive; (5) the defendants' failure to establish effective rules of conduct and instruct their employees on those rules; (6) the

---

[4] John Doe was the VA employee responsible for the external hard drive that was stolen.

defendants' failure to establish appropriate safeguards; (7) the defendants' failure to conduct a Privacy Impact Assessment prior to procuring the external drive, in violation of Section 208 of the E-Government Act; (8) permitting John Doe to download plaintiffs' confidential information without following security rules, in violation of the Trade Secrets Act and the Veterans Confidentiality Statute; and (9) the defendants' failure to comply with VA information security policies and failure to issue required handbooks, in violation of the VBHITA.

The court finds that the above allegations do not constitute "final agency action" as that term is defined by the APA.  Here, unlike in the typical APA case, the defendants' actions are not the end of the defendants' decisionmaking process nor do they determine any rights or obligations.  *See Fla. Home Builders Assoc. v. Norton*, 496 F. Supp. 2d 1330, 1334 (M.D. Fla. 2007) ("Defendants' failure to conduct mandatory, nondiscretionary status reviews is an agency action, but it is not a final agency action.  It is neither the ultimate end of the agency's decisionmaking process, nor does it determine any rights or obligations.  Moreover, Plaintiff has not attempted to establish that Defendant's failure to act constitutes final agency action.").

The alleged final agency actions are failures by the defendants to comply with various provisions of federal statutes.  There is no evidence that these failures

can be attributed to a conscious decision by the VA to violate the law or that the VA was aware that the violations were occurring and did nothing to remedy them. In fact, after the external hard drive was reported missing, the VA investigated the disappearance and is now in the process of implementing new procedures to prevent a similar disclosure in the future.  Therefore, summary judgment is due to be GRANTED on the plaintiffs' nine claims for injunctive relief because there is no final agency action.

## Conclusion

Having considered the foregoing, and being of the opinion the defendants are entitled to judgment in their favor as a matter of law, it is therefore **ORDERED** by the court that the defendants' Motion to Dismiss or In the Alternative for Summary Judgment is **GRANTED**, the court finding no genuine issues of material fact remain.  Accordingly, the plaintiffs' Motion for a Preliminary Injunction is **MOOT**.

**DONE** and **ORDERED** this the 8th day of January 2008.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE